ORIGINAL

442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

United States of America
v.                                    )
Cody Page Carter Connell              )      Case No.
                                      )
                                      )
                                      )
                                      )
_____
Defendant

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Cody Page Carter Connell                                                     ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☑ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 111 – Assaulting a Federal Officer
18 U.S.C. 231(a)(3) – Obstructing Law Enforcement Engaged In Official Duties Incident to Civil Disorder
18 U.S.C. 1752(a)(1)&(2) – Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority
40 U.S.C. 5104(e)(2)(D)(E)&(G) – Violent Entry and Disorderly Conduct on Capitol Grounds

2021.01.15
23:33:06 -05'00'

Date:      01/15/2021                          _____
                                                       *Issuing officer's signature*

City and state:    Washington, DC              ZIA M. FARUQUI, U.S. Magistrate Judge
                                                       *Printed name and title*

### Return

This warrant was received on *(date)* 01/15/2021 , and the person was arrested on *(date)* 01/16/2021
at *(city and state)* Jena, LA                          .

Date:    01/16/2021                            _____SA_____
                                                       *Arresting officer's signature*

                                               Special Agent Joseph M Bush
                                                       *Printed name and title*


ORIGINAL

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

21-MJ-00016 - WDLA

| United States of America | |
| v. | Case: 1:21-mj-00081 |
| | Assigned To : Faruqui, Zia M. |
| Cody Page Carter Connell | Assign. Date : 1/15/2021 |
| Daniel Page Adams | Description: Complaint w/ Arrest Warrant |
| | ) |

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the
_____ District of _____ Columbia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 111 | Assaulting a Federal Officer |
| 18 U.S.C. 231(a)(3) | Obstructing Law Enforcement Engaged In Official Duties Incident to Civil Disorder |
| 18 U.S.C. 1752(a)(1)&(2) | Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority |
| 40 U.S.C. 5104(e)(2)(D)(E)&(G) | Violent Entry and Disorderly Conduct on Capitol Grounds |

This criminal complaint is based on these facts:

See attached statement of facts.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael Sahadi, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone (specify reliable electronic means).

Date: _____ 01/15/2020 _____

2021.01.15
23:34:23 -05'00'
_____
*Judge's signature*

City and state: _____ Washington, DC _____

Magistrate Judge Zia M. Faruqui
*Printed name and title*

Assigned To : Faruqui, Zia M.
Assign. Date : 1/15/2021
Description: Complaint w/ Arrest Warrant

## STATEMENT OF FACTS

I am employed as a Special Agent of the Federal Bureau of Investigation (FBI) and have been employed by the FBI since 2018. Currently, I am assigned to a squad that investigates Counterintelligence matters as part of the FBI Washington Field Office. The focus of my Counterintelligence efforts has been foreign intelligence activities.  My squad is based at the Washington Field Office.  As a Special Agent, I am authorized to investigate violations of laws of the United States and am authorized to execute warrants issued under the authority of the United States. My duties with the FBI include but are not limited to the investigation of counterintelligence matters.

The United States Capitol (the Capitol), which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by United States Capitol Police (Capitol Police).  Restrictions around the Capitol include permanent and temporary security barriers and posts manned by Capitol Police.  Only authorized people with appropriate identification are allowed access inside the Capitol. On January 6, 2021, the exterior plaza of the Capitol was closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the Capitol. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020.  The joint session began at approximately 1:00 p.m.  Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President of the United States Michael R. Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside of the Capitol.  As noted above, temporary and permanent barricades were in place around the exterior of the Capitol building, and Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

Between 1:00 and 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades and Capitol Police officers, and the crowd advanced to the exterior façade of the building.  The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks by Capitol Police Officers or other authorized security officials.

At such time, the certification proceedings were still underway, and the exterior doors and windows of the Capitol were locked or otherwise secured.  Capitol Police officers attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the Capitol, including by breaking windows and by assaulting members of the Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the House and Senate, including Vice President Pence serving as the President of the Senate, were instructed to—and did—evacuate the chambers.  Accordingly, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 p.m. the same day.

In light of the dangerous circumstances caused by the unlawful entry to the Capitol, including the danger posed by individuals who had entered the Capitol without any security screening or weapons check, Congressional proceedings could not resume until after every unauthorized occupant had left the Capitol, and law enforcement could confirm the building had been secured.  The proceedings resumed at approximately 8:00 p.m. after the building had been secured.  Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the Capitol building without authority to be there.

On January 7, 2021, an unknown individual provided law enforcement with information regarding a subject, "CODY CONNELL," who claimed to have breached the Capitol on January 6.  That individual provided a screenshot of what appears to be a Facebook exchange between CONNELL and another individual, in which CONNELL states, "I have more videos of us breaching the Capitol but not gonna post them.  We will be back and it will be a lot worse than yesterday!"  That screenshot is provided below in Figure One:



*igure One*

The public Facebook profile picture for CONNELL is below in Figure Two.  Law enforcement believes the identity of this individual is CODY PAGE CARTER CONNELL.  A search of Louisiana's Department of Motor Vehicles returned CONNELL's February 2019 driver's license photograph, depicted below in Figure Three.  By comparing Figure Two to Figure Three, your affiant reasonably believes that the individual who posted the above Facebook messages about breaching the Capitol is CODY PAGE CARTER CONNELL.





*igure    o*                                                    *igure    ree*

Additional social media research illustrates CONNELL's plans to travel from Louisiana to Washington, D.C. on January 6, 2021.  On January 5, for example, CONNELL reposted a message stating, "Join President Donald J. Trump at the Save America March" and listing the event details for January 6, 2021.  CONNELL added a message to this post saying, "Definitely gonna be an experience."  Later that night at about 12:26 a.m. on January 6, CONNELL posted on Facebook a screen shot of what appears to be a Google maps picture of the Washington, D.C. area with a pin dropped in the center of Washington.  CONNELL added a message with flexing-arm emojis saying, "gonna be right there in the middle of it."

At about 11:43 a.m. on January 6, CONNELL posted to his public profile page a two-minute and fifty-eight second video of CONNELL and another individual law enforcement believes to be CONNELL's cousin, DANIEL PAGE ADAMS, walking in what appears to be Washington, D.C., with the Washington Monument in the foreground.  At about the fifteen-second mark, CONNELL says, "We here" and flashes the camera to his face and ADAMS's face.  CONNELL is the bearded individual with a dark-colored hooded sweatshirt and a gray hat with markings on the front bottom-left, depicted in Figure Four.  ADAMS is the next individual shown in the video with a mullet hairstyle, camouflage jacket, purple shirt, and blue multi-colored hat, depicted in Figure Five.

4

 

*igure   our*                                              *igure   i e*

Finally, social media information revealed that CONNELL and ADAMS posed for a photograph in Washington, D.C. with the same clothing as in the aforementioned video.  In the photograph, CONNELL appears to be the bearded individual in the center-right, with the same dark-colored hooded sweatshirt and gray hat with markings seen in Figure Four, and distinctive tattoos on his hands.  ADAMS appears to be the individual in the center-left with the same mullet hairstyle, camouflage jacket, purple shirt, and blue multi-colored hat seen in Figure Five. The social media photograph is below in Figure Six, with CONNELL's face and tattoos identified by red ovals:



*igure Si*

Law enforcement confirmed the identity of ADAMS in the above-referenced videos and photographs by conducting a search of Texas's Department of Motor Vehicles.  That search returned ADAMS's driver's license photograph, depicted below in Figure Seven.  By comparing the below photograph to Figures Five and Six, your affiant reasonably believes that the individual who traveled and breached the Capitol with CONNELL is DANIEL PAGE ADAMS.



*igure Se  en*

According to one witness familiar with both CONNELL and ADAMS, CONNELL created videos and photographs apparently taken with a mobile device and distributed to others via social media on January 6, showing himself and ADAMS on the Capitol grounds. This witness provided the photographs and videos to law enforcement and identified CONNELL and ADAMS. In one twelve-second video, CONNELL wrote "They tear gassing us." The video shows CONNELL and ADAMS surrounded by other rioters and covering their faces as if to shield themselves from tear gas, all while standing under what appears to be the temporary fixture connected to the Capitol building on January 6. In Figure Eight below, CONNELL appears to be wearing the same dark-colored hoodie, gray hat with markings, and hand tattoos (marked with red ovals) as in Figures Four and Six. Also in Figure Eight, CONNELL's cousin is standing behind CONNELL and appears to be wearing the same mullet hairstyle, camouflage jacket, and blue-patterned hat as in Figures Five and Six. Because of the face, clothing, and location matches between CONNELL's personal Facebook post and the witness's video provided to law enforcement, your affiant has reason to believe the subjects in both are CONNELL and ADAMS. In Figure Nine below, the screenshot of the video displays the surroundings after CONNELL flipped the camera around, and your affiant recognizes those surroundings to be the Capitol stairs.





*igure  ig t*                                           *igure  ine*

Law enforcement also reviewed additional social media information connected to CONNELL that appears to be a cellphone video taken either by CONNELL or ADAMS. The video depicts ADAMS at the front of a crowd on the Capitol grounds, pushing toward a line of United States Capitol Police officers standing guard. At the beginning of the video, ADAMS repeatedly asks to those around him, "Let's go. Are you ready to push?" ADAMS is directly in front of a line of Capitol Police officers who are holding protective shields up between themselves and ADAMS. At this point, ADAMS starts yelling, "let's go, let's go, let's go!" and he and others appear to sprint up the Capitol steps, chasing the officers who are now repositioning themselves at the top of the stairs. ADAMS then engages in a direct struggle with law enforcement officers who are attempting to prevent ADAMS and others from breaking the line again. ADAMS continuously shouts, "come on, let's go, let's go, come on, let's go," in an apparent effort to encourage others to keep launching forward toward the officers and the Capitol building. The video then shows ADAMS physically engaging with another set of officers at the top of the steps. The video ends with a loud thud and ADAMS holding his head and uttering an expletive. Figure Ten, below, depicts ADAMS's view as shown in the video, just before he led the crowd of rioters to surge forward against the depicted officers and their protective shields. Figure Eleven depicts ADAMS holding his head and looking into the camera at the end of the apparent altercation.




*igure  en*                              *igure  le en*

According to social media records, CONNELL appears to have described the January 6 events detailed above in a conversation with another individual on January 7, 2021. CONNELL stated "4 of us breached the cops blockade and us same 4 breached the Capitol." After apparently sending a video to the same individual, CONNELL explained, "That's my cousin. When we stormed the cops there was 8 of them and 4 of us so he got clubbed and shot with rubber bullet. But we pushed the cops against the wall, they dropped all their gear and left. That's when we went to doors of Capitol building and breached it." The other individual responded, "Yall boys something serious lol it lookin like a civil war yet?" CONNELL answered: "It's gonna come to it."

Your affiant believes CONNELL may intend to return to Washington, D.C. sometime during the week of January 18, 2021. According to a witness, CONNELL has communicated with at least two other individuals in Texas about purchasing long-rifle firearms, ammunition, and body armor to bring with them. According to the witness, CONNELL explained that he was not returning to Louisiana unless he was in a body bag. Your affiant understood that to mean CONNELL intended to travel to Washington D.C. to cause violence that may result in the end of his life.

Based on the foregoing, your affiant submits there is probable cause to believe that both CODY PAGE CARTER CONNELL and DANIEL PAGE ADAMS violated federal laws.

Your affiant submits that there is probable cause to believe that CODY PAGE CARTER CONNELL violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do so; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempt or conspire to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Finally, your affiant submits there is also probable cause to believe that CODY PAGE CARTER CONNELL violated 40 U.S.C. § 5104(e)(2), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

In addition, your affiant submits there is probable cause to believe that DANIEL PAGE ADAMS violated 18 U.S.C. § 111(a), which makes it unlawful to forcibly assault, resist, oppose,

impede, intimidate, or interfere with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties.  For purposes of section 111 of Title 18, United States Capitol Police Officers constitute persons designated in section 1114 of Title 18.

Your affiant submits there is probable cause to believe that DANIEL PAGE ADAMS violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.  For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

Your affiant submits that there is also probable cause to believe that DANIEL PAGE ADAMS violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do so; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempt or conspire to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Finally, your affiant submits there is also probable cause to believe that DANIEL PAGE ADAMS violated 40 U.S.C. § 5104(e)(2), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____

SPECIAL AGENT MICHAEL SAHADI, JR.
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this ____15th____ day of January 2021.

2021.01.15
23:29:39 -05'00'

_____

UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

**UNITED STATES OF AMERICA**              **CASE NO.  1:21-MJ-00016-**

**VERSUS**                                **MAGISTRATE JUDGE PEREZ-MONTES**

**CODY CONNELL**

## MINUTES OF COURT:
### Initial Appearance

| | | | |
|---|---|---|---|
| Date: | January 21, 2021 | Presiding: Magistrate Judge Joseph H. L. Perez-Montes | |
| Court Opened: | 1:30 p.m. | Courtroom Deputy: | Yvonna Tice |
| Court Adjourned: | 2:15 p.m. | Court Reporter: | Zoom Recording |
| **Statistical Time:** | **00:45** | Courtroom: | Video Conference |

## APPEARANCES

| | | |
|---|---|---|
| Cytheria Jernigan, (AUSA), by video | For | United States of America |
| Aaron Adams, (AUSPD), by video | For | Defendant Cody Connell |
| Cody Connell, by video | | Defendant |

## PROCEEDINGS

**Before Court Opened**:
Defendant Provided with Charging Document
Interpreter signed written Oath

**INITIAL APPEARANCE ON**:     Complaint

Defendant Sworn
Defendant advised of charges, maximum penalties, & rights
Defendant admitted his identity.

**DETENTION:** Government does not move for detention
Defendant ordered released

**FILINGS:**
Order to Appoint Counsel
Order of Conditions of Release
Appearance Bond, $30,000 Unsecured

**RULINGS/COMMENTS:**

All appearances were by video, via ZOOM, by consent and/or waiver of all parties. This court hearing was held by video according to the COVID-19, signed by Chief Judge Hicks. This order was signed in accordance with the federal law passed under the Cares Act of 2020.

AUSA Jernigan advises the Court that she withdraws her motion for pretrial release.  Defendant waives his right to a Preliminary Hearing.  Defendant is ordered released.

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### Western District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:20-MJ-00016 |
| CODY CONNELL | ) | |
| | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ CODY CONNELL _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

      ( X )     to appear for court proceedings;
      ( X )     if convicted, to surrender to serve a sentence that the court may impose; or
      (    )     to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)  This is a personal recognizance bond.

( ✓ ) (2)  This is an unsecured bond of $  30,000 _____ .

(   ) (3)  This is a secured bond of $ _____ , secured by:

      (   ) (a) $ _____ , in cash deposited with the court.

      (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

      If this bond is secured by real property, documents to protect the secured interest may be filed of record.

      (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

Page 2

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

 (1) all owners of the property securing this appearance bond are included on the bond;

 (2) the property is not subject to claims, except as described above; and

 (3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: ~~09/15/2020~~ *1-21-2021*

X _____

            *Defendant's signature*

_____   _____

 *Surety/property owner – printed name*    *Surety/property owner – signature and date*

_____   _____

 *Surety/property owner – printed name*    *Surety/property owner – signature and date*

_____   _____

 *Surety/property owner – printed name*    *Surety/property owner – signature and date*

*CLERK OF COURT*

Date: 01/20/2021

           *Signature of Clerk or Deputy Clerk*

Approved.

Date: 01/20/2021

             *Judge's signature*

AO 199A (Rev. 12/11)  Order Setting Conditions of Release                                   Page 1 of _____ Pages

# UNITED STATES DISTRICT COURT
for the
Western District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  1:21-MJ-00016 |
| CODY CONNELL | ) | |
| _____ | ) | |
| *Defendant* | | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
*Place*

_____

on   _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 12/11)  Additional Conditions of Release | Page ___ of ___ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   ) (6)  The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____ _____
*Custodian*      *Date*

( ✓ ) (7)  The defendant must:
( ✓ ) (a) submit to supervision by and report for supervision to the  U.S. Probation Office ,
telephone number _____ , no later than _____ .
( ✓ ) (b) continue or actively seek employment.
(   ) (c) continue or start an education program.
( ✓ ) (d) surrender any passport to:  U.S. Probation Office
( ✓ ) (e) not obtain a passport or other international travel document.
( ✓ ) (f) abide by the following restrictions on personal association, residence, or travel:  Defendant will not travel outside the Western District of Louisiana.
( ✓ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:  unless contact is through appointed counsel and incident to lawful defense investigation.

(   ) (h) get medical or psychiatric treatment: _____
(   ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
(   ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ✓ ) (k) not possess a firearm, destructive device, or other weapon.
( ✓ ) (l) not use alcohol ( ✓ ) at all (   ) excessively.
( ✓ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ✓ ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(   ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(   ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
    (   ) (i) **Curfew.** You are restricted to your residence every day (   ) from _____ to _____ , or (   ) as directed by the pretrial services office or supervising officer; or
    (   ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    (   ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
(   ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
    (   ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
( ✓ ) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
(   ) (s) _____

AO 199C  (Rev. 09/08)  Advice of Penalties                                                      Page _____ of _____ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
City and State

### Directions to the United States Marshal

( ✓ )  The defendant is ORDERED released after processing.

(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  _____1/20/2021_____                    _____
                                                   Judicial Officer's Signature

                                                   Joseph H.L. Perez-Montes, U.S. Magistrate Judge
                                                   Printed name and title

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

CLOSED

# U.S. District Court
## Western District of Louisiana (Alexandria)
### CRIMINAL DOCKET FOR CASE #: 1:21-mj-00016-JPM All Defendants

Case title: USA v. Connell                                Date Filed: 01/19/2021
Other court case number: 1:21-mj-00081 District of Columbia    Date Terminated: 01/21/2021

Assigned to: Magistrate Judge Joseph H L
Perez-Montes

**Defendant (1)**

**Cody Page Carter Connell**                represented by    **Aaron Albert Adams**
*TERMINATED: 01/21/2021*                                     Federal Public Defenders Office (LAF)
                                                            102 Versailles Blvd Ste 816
                                                            Lafayette, LA 70501
                                                            337-262-6336
                                                            Fax: 337-262-6605
                                                            Email: aaron_adams@fd.org
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Public Defender or*
                                                            *Community Defender Appointment*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

18:111-Assaulting a Federal Officer;
18:2319(a)(3)-Obstructing Law
Enforcement Engaged in Official Duties
Incident to Civil Disorder; 18:1752(a)(1)&

Lawful Authority; 40:5104(e)(2)(D)(E)&
(G)-Violent Entry and Disorderly Conduct
on Capitol Grounds

---

**Plaintiff**

**USA**

represented by **Cytheria Jernigan**
U S Attorneys Office (SHV)
300 Fannin St Ste 3201
Shreveport, LA 71101-3068
318-676-3611
Fax: 318-676-3663
Email: cytheria.jernigan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2021 | | ARREST (Rule 5(c)(2)) of Cody Page Carter Connell (1) (crt,Bray, K) (Entered: 01/21/2021) |
| 01/19/2021 | 1 | RULE 40 or 5(c)(3) Charging Documents Received from District of Columbia, their Case Number 1:20-mj-00081, as to Cody Page Carter Connell (1). (Attachments: # 1 Affidavit, # 2 SEALED-Arrest Warrant)(crt,Bray, K) (Entered: 01/21/2021) |
| 01/21/2021 | 2 | MINUTES for proceedings held before Magistrate Judge Joseph H L Perez-Montes: INITIAL APPEARANCE in Rule 5(c)(3) Proceedings as to Cody Page Carter Connell (1) held on 1/21/2021. Appearance entered by Cytheria Jernigan for USA,Aaron Albert Adams for Cody Page Carter Connell on behalf of defendant. Defendant released on $30,000 Unsecured Bond. (Court Reporter: VTC) (crt,Bray, K) (Entered: 01/21/2021) |
| 01/21/2021 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Cody Page Carter Connell (1). Signed by Magistrate Judge Joseph H L Perez-Montes on 1/21/2021. (crt,Bray, K) (Entered: 01/21/2021) |
| 01/21/2021 | 4 | APPEARANCE BOND entered as to Cody Page Carter Connell (1) in the amount of $30,000 Unsecured Bond. Signed by Magistrate Judge Joseph H L Perez-Montes on 1/21/2021. (crt,Bray, K) (Entered: 01/21/2021) |
| 01/21/2021 | 5 | ORDER Setting Conditions of Release as to Cody Page Carter Connell (1) $30,000 Unsecured Bond. Signed by Magistrate Judge Joseph H L Perez-Montes on 1/21/2021. (crt,Bray, K) (Entered: 01/21/2021) |
| 01/21/2021 | 6 | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Cody Page Carter Connell (1). Your case number is: 1:21-mj-00081-1. Docket sheet and documents attached. (If you need additional information, please send a request to lawdml_criminal@lawd.uscourts.gov.) (crt,Bray, K) (Entered: 01/21/2021) |