**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 21-cr-84-PLF** |
| | : | |
| **CODY CONNELL and** | : | |
| **DANIEL ADAMS,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OMNIBUS OPPOSITION TO**
**DEFENDANTS' MOTIONS TO DISMISS AND FOR BILL OF PARTICULARS**

The defendants, Cody Connell and Daniel Adams, have filed a motion to dismiss count two of the superseding indictment (ECF 77) and a motion for a bill of particulars as to counts one and three (ECF 78). The Defendants primarily argue that the text of 18 U.S.C. § 1512(c)(2) is not applicable to their conduct or is unconstitutionally vague. This Court, the D.C. Circuit, and many other district courts have rejected similar arguments. The Defendants' arguments should meet the same fate.

## PROCEDURAL BACKGROUND

On November 10, 2021, a grand jury returned the First Superseding Indictment, charging the Defendants with: (1) in count one, civil disorder and aiding and abetting, in violation of 18 U.S.C. § 231(a)(3); (2) in count two, obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2; (3) in count three, assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1); (4) in count four, entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); (5) in count five, committing disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); (6) in count six, committing disorderly conduct in a Capitol building, in

1

violation of 40 U.S.C. § 5103(e)(2)(D); (7) in count seven, impeding passage through the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); and (8) in count eight, parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On April 3, 2023, the Defendants filed a joint motion to dismiss count two in the Superseding Indictment (ECF 77) and a second joint motion for a bill of particulars (ECF 78).

## FACTUAL BACKGROUND

For the purposes of providing the Court with context as to the charges in the Superseding Indictment, the following facts are based on those alleged in the Statement of Facts filed with the underlying criminal complaint on January 15, 2021 (ECF 1), and additional information learned in the course of the investigation.

At 1:00 p.m., on January 6, 2021, a Joint Session of the United States Congress, consisting of the House of Representatives and the Senate, convened in the United States Capitol building. They assembled to debate and certify the Electoral College certification vote of the 2020 U.S. presidential election, which resulted in Joseph R. Biden amassing more electoral votes than President Donald J. Trump, and thus winning the election.  The Capitol Police had erected barricades around the Capitol to protect the grounds, the building itself, and the people inside doing their jobs.

As the proceedings continued in both the House and the Senate, and with Vice President Michael R. Pence present and presiding over the Senate, a large crowd gathered outside of the Capitol.  Between 1:00 and 2:00 p.m., certain individuals, including these defendants, forced their way through, up, and over the barricades and Capitol Police officers, and the crowd advanced to the exterior façade of the building.  The crowd was not lawfully authorized to enter or remain in

the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks by Capitol Police officers or other authorized security officials.

With respect to the Defendants, they both travelled from their homes—Adams from Texas, and Connell from Louisiana—to Washington, D.C. to attend the protests on January 6, 2021.  That afternoon, both Defendants made their way to the Capitol building and unlawfully entered the restricted grounds.  At some point, a large crowd of violent rioters, including the Defendants, climbed halfway up a flight of exterior stairs.  Several Capitol Police officers who were in uniform attempted to block the defendants and others from continuing up the stairs that led directly to the Capitol, using both riot shields and metal barricades.

Adams was at the front of the pack, yelling and confronting the officers, and leading the others around him.  Adams yelled, "Let's go!  Are you ready to push?"  Eventually, Adams added, "Let's go!  Let's go!  Let's go!" while pushing against one of the officers.  Almost immediately, Adams, Connell, and the other rioters began surging forward, and the officers retreated up the stairs.  The officers quickly repositioned themselves at the top of the stairs, standing with shields and metal barricades.  The Defendants sprinted up the stairs and continued yelling, "Come on! Let's go!  Let's go!  Come on!  Let's go!"  At the top, the Defendants encountered the officers now forming a new blockade to prevent the rush of rioters from reaching the Capitol.  At the end of the struggle, the Defendants successfully breached the police line, Adams bloodied, and made their way to the Capitol where they stormed inside.

Upon reaching the Capitol, the Defendants were part of a crowd of rioters, some of whom were breaking windows and opening doors.  At the doors, Adams repeatedly yelled, "This is my

house!"  When another rioter pried the door open, Connell grabbed the door and opened it wider.

Both Defendants then unlawfully breached the building.

On January 7, 2021, Connell detailed his actions to another individual on Facebook: "4 of us breached the cops blockade and us same 4 breached the Capitol."  After apparently sending a video to the same individual, Connell explained, "That's my cousin.  When we stormed the cops there was 8 of them and 4 of us so he got clubbed and shot with rubber bullet.  But we pushed the cops against the wall, they dropped all their gear and left.  That's when we went to doors of Capitol building and breached it."

As a result of the actions of these Defendants and hundreds of others, Congress was forced to halt its proceedings and evacuate.  Vice President Pence was taken by Secret Service to a secure location within the Capitol for his own protection.  After the building was secured later that evening, Congress reconvened and completed counting, certifying, and declaring the Electoral College vote result.

Cody Connell was arrested on January 15, 2021, and Daniel Adams, on January 16, 2021.

## ARGUMENT

## I.     LEGAL STANDARD

A defendant may move to dismiss an indictment or count prior to trial.  *See* Fed. R. Crim. P. 12(b)(3)(B).  A pretrial motion may challenge "a defect in the indictment or information" if "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  *Id.*  Although a court's supervisory powers provide the authority to dismiss an indictment, "dismissal is granted only in unusual circumstances."  *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015).

4

An "indictment must be viewed as a whole" and the "allegations must be accepted as true" in determining if an offense has been properly alleged. *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*

## II.   COUNT TWO (OBSTRUCTION OF AN OFFICIAL PROCEEDING) SHOULD NOT BE DISMISSED

The Defendants put forth a litany of reasons why count two should be dismissed. The Defendants' motion was filed before the D.C. Circuit issued its decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), which directly rejected several of their arguments. Likewise, this Court has previously rejected most of the Defendants' arguments in *United States v. Puma*, 596 F. Supp. 3d 90 (D.D.C. 2022).[1]

### A.   Section 1512(c)(2) "encompasses all forms of obstructive conduct"

First, the Defendants argue that, "to sufficiently allege a violation, [count two] must allege that Mr. Connell and Mr. Adams took 'some action with respect to a document, record, or other object." (ECF 77 at 3-9) (citing *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022),

---

[1] The Defendants' arguments have also been rejected by the majority of judges in this District. *See, e.g., United States v. Fitzsimons*, 21-cr-158, 605 F. Supp. 3d 132 (D.D.C. 2022) (Contreras, J.); *United States v. Bingert*, 21-cr-91, 605 F. Supp. 3d 111 (D.D.C. 2022) (Lamberth, J.); *United States v. Hale-Cusanelli*, 21-cr-37, ECF 82 (D.D.C. May 6, 2022) (McFadden, J.) (motion to dismiss hearing at pp. 4-8); *United States v. McHugh* (*McHugh II*), 21-cr-453, 2022 WL 1302880 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Bozell*, 21-cr-216, 2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Grider*, 21-cr-22, 585 F. Supp. 3d 21 (D.D.C. 2022) (Kollar-Kotelly, J.); *United States v. Nordean*, 21-cr-175, 579 F. Supp. 3d 28 (D.D.C. 2021) (Kelly, J.); *United States v. Montgomery*, 21-cr-46, 578 F. Supp. 3d 54 (D.D.C. 2021) (Moss, J.); *United States v. Mostofsky*, 21-cr-138, 579 F. Supp. 3d 9 (D.D.C. 2021) (Boasberg, J.); *United States v. Caldwell*, 21-cr-28, 581 F. Supp. 3d 1 (D.D.C. 2021) (Mehta, J.); *United States v. Sandlin*, 21-cr-88, 575 F. Supp. 3d 16 (D.D.C. 2021) (Friedrich, J.).

*rev'd and remanded sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023)).  The indictment, however, properly states an offense under 18 U.S.C. § 1512(c)(2).

In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'"  64 F.4th at 334.  Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts."  *Id.*  The government appealed and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election."  *Id.* at 335.  The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)."  *Id.* at 336 (concluding that this "broad interpretation of the statute— encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding.  *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not allege obstructive acts related to a document, record, or other object.  *See Fischer*, 64 F.4th at 332; *see also Puma*, 596 F. Supp. 3d at 106-08 ("In sum, Section 1512(c)(2) gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without

regard to whether the action relates to documents or records.") (citing *United States v. Caldwell*, 581 F. Supp. 3d 1, 21 (D.D.C. 2021)).

      **B.**    **"Official proceeding" includes Congress's certification of the Electoral College vote**

Second, the Defendants argue that Congress's constitutionally mandated process of counting the electoral college votes of the presidential election and certifying the next President and Vice President of the United States does not constitute an "official proceeding." (ECF 77 at 9-14). Instead, the Defendants claim, the term "official proceeding" narrowly includes those proceedings that are "tribunal-like" in nature. *Id*. Again, both the D.C. Circuit and this Court have rejected this argument.

"The statutory definition of 'official proceeding' under § 1512(c)(2)," the D.C. Circuit has held, "includes a 'proceeding before the Congress.'" *Fischer*, 64 F.4th at 342-43 (quoting 18 U.S.C. § 1515(a)(1)(B)). "Although appellees strain to argue that the Electoral College vote certification is not a 'proceeding before the Congress' because it does not involve 'investigations and evidence,' we see no such limit in the ordinary meaning of the word 'proceeding.'" *Id*. (citing *Proceeding*, Oxford English Dictionary (2d ed. 1989) ("[T]he carrying on of an action or series of actions.")). "Notably," the Circuit continued, "Congress follows statutory directives to complete the certification of the Electoral College vote, including: (1) convening a joint session at 1:00 PM on January 6 in the year following the presidential election; (2) appointing four tellers to read and list the votes; (3) announcement of the voting results by the President of the Senate; and (4) allowing written objections from members of Congress, subject to a procedure for submitting and resolving such objections. Those directives reflect Congress's own intent that the vote certification shall be a 'proceeding before the Congress.'" *Id*. at 343 (citations omitted). As such, this Court

should refuse to adopt the Defendants' definition of "official proceeding" that is "inapt when interpreting the meaning of a 'proceeding *before the Congress*.'"   *Id.* (quoting 18 U.S.C. § 1515(a)(1)(B)); *see also Puma*, 596 F. Supp. 3d at 97-102 ("The Court concludes that Congress' activities on January 6, 2021, clearly constitute a formal assembly akin to a hearing and thus fall within this definition of an 'official proceeding' before 'the Congress.'").

### C.     "Corruptly" is not unconstitutionally vague

Third, the Defendants argue that the term "corruptly," as used in Section 1512(c), is unconstitutionally vague, rendering the statute constitutionally invalid.  (ECF 77 at 14-20).  As an initial matter, this argument is irrelevant at this stage because count two is properly pled. Recognizing that the court had not agreed upon a definition of "corruptly," Judge Walker in *Fischer* explained that the indictments in that case nonetheless "should be upheld" because "[e]ach contains 'the essential facts constituting the offense charged.'  That's because they allege that the Defendants 'corruptly obstruct[ed], influence[d], and impede[d] an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote." *Fischer*, 64 F.4th at 361 (Walker, J., concurring) (quoting Fed. R. Crim. P. 7(c)(1)).  So too here: the indictment sufficiently alleges that the Defendants acted corruptly, and the Court should leave the exact definition of that term for another day, when the issue is properly before the Court.  *See United States v. Munchel*, No. 1:21-CR-118-RCL, 2023 WL 2992689, at *5 (D.D.C. Apr. 18, 2023) ("First, the 'corruptly' language in the statute is not undefined, vague, or limited to situations where a defendant personally benefited.  While the lead opinion and concurring opinion in *Fischer* were at odds regarding the precise bounds of the corrupt mens rea, both agreed that . . . an

indictment alleging a corrupt mens rea in the same manner as the one in this case survives a motion to dismiss.") (citing *Fischer*, 64 F. 4th 329).

In any event, the term "corruptly" is not unconstitutionally vague. The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the government from "depriv[ing] any person of life, liberty, or property, without due process of law." An outgrowth of the Due Process Clause, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). Notably, the void for vagueness doctrine is narrow. The challenger must overcome a strong presumption that duly enacted statutes are constitutional. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963) ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.").

Accordingly, the void for vagueness doctrine "does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke*, 423 U.S. 48, 49 (1975) (per curiam). Rather, a statute is unconstitutionally vague only if it "proscribe[s] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). Indeed, district courts here have recognized a high bar for rendering a statute unconstitutionally vague and has advised:

> [N]o void for vagueness challenge is successful merely because a statute requires a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask.  Instead, unconstitutional vagueness arises only if the statute specifies no standard of conduct at all.

*United States v. Gonzalez*, No. 20-cr-40-BAH, 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020) (internal citation and quotation omitted); *see also United States v. Harmon*, No. 19-cr-395-BAH, 2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 void-for-vagueness motion).  In sum, as this Court has held, "[a] statutory term is not rendered unconstitutionally vague because it does not mean the same thing to all people, all the time, everywhere. . . . Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning specifies no standard of conduct . . . at all."  *Puma*, 576 F. Supp. 3d at 103 (quoting *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017)).

Although the D.C. Circuit did not resolve the meaning of the term "corruptly" in *Fischer*, both judges who joined the lead opinion determined that term is not unconstitutionally vague as used in Section 1512(c).  *See Fischer*, 64 F.4th at 339-42 (Pan, J.) (explaining that, under any formulation, "'corrupt' intent exists at least when an obstructive action is independently unlawful," and that "appellees err in arguing that the term 'corruptly' 'takes on unconstitutional vagueness' in circumstances outside the context of a judicial proceeding"); *id.* at 352 (Walker, J.) (explaining that his interpretation of "corruptly" "avoids vagueness").

And this Court has agreed.  "The text of Section 1512(c), and the inclusion of the term 'corruptly,'" this Court concluded, "'gives fair notice of the conduct it punishes' and does not invite 'arbitrary enforcement.'"  *Puma*, 576 F. Supp. 3d at 103 (quoting *Johnson*, 576 U.S. at 596).

Further, as this Court recently observed, "[j]udges in this district have construed 'corruptly' to require 'a showing of dishonesty' or an 'improper purpose'[;] 'consciousness of wrongdoing'[;] or conduct that is 'independently criminal,' 'inherently malign, and committed with the intent to obstruct an official proceeding.'" *Id*. (quoting *Montgomery*, 578 F. Supp. 3d at 81; *Bozell*, 2022 WL 474144, at *6; *Caldwell*, 581 F. Supp. 3d at 19-20; and *Sandlin*, 575 F. Supp. 3d at 33) (alterations omitted).[2]  "These constructions," this Court has concluded, "support a consensus that Section 1512(c) clearly punishes those who endeavor to obstruct an official proceeding by acting with a corrupt purpose, or by independently corrupt means, or both." *Id*. (cleaned up).  Under any of these common-sense constructions, the term "corruptly" "not only clearly identifies the conduct it punishes; it also 'acts to shield those who engage in lawful, innocent conduct—even when done with the intent to obstruct, impede, or influence the official proceeding.'" *Id.* (quoting *Sandlin*, 575 F. Supp. 3d at 33).  It presents no vagueness concern.

### D.    The rule of lenity does not apply

Finally, the D.C. Circuit has rejected the Defendants' rule of lenity argument, (ECF 77 at 21-22).  The Defendants submit that it is unfair to prosecute them for obstruction of an official proceeding because they were not on fair notice that Congress's Joint Session on January 6 constituted an "official proceeding" under Section 1512(c)(2).  The rule of lenity, however, applies

---

[2] Indeed, upon information and belief, every court in the January 6 context, aside from Judge Nichols, has promulgated jury instructions that has adopted some form of this language, often adding that the defendant must use unlawful means or act with an unlawful purpose.  *See, e.g.*, *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF 112); *United States v. Alexander Sheppard*, 21-cr-203-JDB (final instructions not available on ECF); *United States v. Elmer Rhodes, et al*, 22-cr-15-APM (ECF 396); *United States v. Doug Jensen*, 21-cr-6-TJK (ECF 97).

"only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended.'" *Fischer*, 64 F.4th at 350 (quoting *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (1994)).  In addressing the same argument from another January 6 defendant, the Circuit concluded, "the language of § 1512(c)(2) is clear and unambiguous.  Restraint and lenity therefore have no place in our analysis." *Id*.

**III.   COUNTS ONE (CIVIL DISORDER) AND THREE (ASSAULTING AN OFFICER) ARE PROPERLY PLED, AND A BILL OF PARTICULARS IS NOT WARRANTED**

The Defendants also argue that counts one and three are not pled with sufficient particularity, warranting a bill of particulars.  (ECF 78).  The Defendants are wrong.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted).  The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted).  If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

12

Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Here, counts one and three allege as follows:

> **Count One:** On or about January 6, 2021, within the District of Columbia, Cody Page Carter Connell and Daniel Page Adams committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function . . . in violation of Title 18 United States Code, Section 231(a)(3),
>
> and
>
> **Count Three:** On or about January 6, 2021, within the District of Columbia, Cody Page Carter Connell and Daniel Page Adams did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States government (including any member of the uniformed services), that is, an officer from the United States Capitol, while such person was engaged in an on account of the performance of official duties . . . in violation of Title 18, United States Code, Section 111(a)(1).

(ECF 50 at 1-2). Counts one and three provide the time and location of the acts alleged, the defendants accused of the acts alleged, identifies the victim as an officer with the "United States Capitol Police," and provides how the defendants committed the alleged acts.[3] (ECF 50 at 1-2). These counts need not be more specific, for either Rule 12 or Rule 7 purposes. "[A]n indictment

---

[3] Federal Rule of Criminal Procedure 7(c)(1) specifically provides that a count may allege that a defendant committed an offense "by one or more specified means." Where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive (using the word "and"). *Turner v. United States*, 396 U.S. 398, 420 (1970). "[T]he government is entitled to prove criminal acts in the disjunctive, notwithstanding that the indictment charges them in the conjunctive." *United States v. Coughlin*, 610 F.3d 89, 106 (D.C. Cir. 2010).

need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation omitted).

The only specificity the Defendants appear to be seeking—or that they are complaining is lacking—is the name of the officer or officers they are alleged to have assaulted.  (ECF 78 at 1-2).  But the name of the officer is not required in the indictment under either Rule 7 or Rule 12.  *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient.").  In *United States v. Melendez-Colon*, for example, the Fourth Circuit held that an indictment charging two counts of assault was not defective for "fail[ing] to name the victim in either count," and "that the indictment's failure to name the victims will not preclude [the defendant] from raising double jeopardy as a defense to any future prosecutions for the assaults."  417 Fed. App'x 320, 321-322 (4th Cir. 2011) (per curiam).  And, in *United States v. Figueroa*, another prosecution under Section 111(a)(1), the court rejected a similar Rule 12 argument.  No. 14-00672 (SRC), 2021 WL 1661202, at *9 (D.N.J. 2021).  The indictment was sufficiently specific by identifying the assault victim as "an employee of the United States, namely Victim 2, an employee of the United States National Park Service."  *Id.* Similarly, the Superseding Indictment here identifies the victim in both counts one and three as "an officer with the United States Capitol Police."  (ECF 50 at 1-2).  Such identification sufficiently meets the low threshold required for an indictment and puts the Defendants on fair notice as to the nature of the charges.

The Court should therefore deny the Defendants' motion for a bill of particulars.

## CONCLUSION

The government respectfully submits that the Court should not dismiss count two in the Superseding Indictment and should not require a bill of particulars for counts one and three.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:    _____
Troy A. Edwards, Jr.
Assistant United States Attorney
N.Y. Bar No. 5453741
Christopher Amore
Sean McCauley
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530

15