UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>CODY PAGE CARTER CONNELL and )<br>DANIEL PAGE ADAMS, )<br><br>Defendants. ) | Criminal No. 21-0084 (PLF) |

OPINION AND ORDER

Defendants Cody Page Carter Connell and Daniel Page Adams are charged in an

eight-count indictment based on conduct related to the events at the United States Capitol on

January 6, 2021.  See Second Superseding Indictment ("Indictment") [Dkt. No. 50].  Mr. Connell

and Mr. Adams have waived their right to a jury trial, and a trial on stipulated facts is scheduled

for July 19, 2023.  The defendants jointly filed a Motion for Bill of Particulars as to Counts One

and Three ("Mot.") [Dkt. No. 78].  The government filed a response opposing the motion.  See

Government's Omnibus Opposition to Defendants' Motions to Dismiss and for Bill of

Particulars ("Opp.") [Dkt. No. 81].  Mr. Connell and Mr. Adams did not file any reply briefs in

support of their motion.

The Court has carefully considered the parties' written submissions and the

applicable authorities.  For the following reasons, the Court concludes that the government must

file a bill of particulars with respect to both Count One, which charges the defendants with

violations of 18 U.S.C. § 231(a)(3), and Count Three, which charges the defendants with

violations of 18 U.S.C. § 111(a)(1).  The Court therefore will grant Mr. Connell's and
Mr. Adams' joint motion.

## I.  BACKGROUND

The events of January 6, 2021 are summarized in the Court's opinion in United
States v. Puma.  See United States v. Puma, 596 F. Supp. 3d 90, 93-94 (D.D.C. 2022).  The
United States alleges that Mr. Connell and Mr. Adams were members of the crowd that entered
the Capitol building and grounds on January 6, 2021 and engaged in certain activities while
there.  See Indictment.  The Statement of Facts accompanying the criminal complaint describes
video footage depicting Mr. Connell and Mr. Adams on the Capitol grounds.  See Statement of
Facts [Dkt. No. 1-1] at 7.  One video, labeled with the caption "They tear gassing us," shows
Mr. Connell and Mr. Adams appearing to cover their faces from tear gas while standing under
scaffolding connected to the Capitol building.  Id.  Another video shows Mr. Adams at the front
of the crowd on the Capitol grounds, pushing toward a line of U.S. Capitol Police officers.  See
id. at 8.  The video shows Mr. Adams – along with others – breaking the police line, chasing the
officers up some stairs, and physically engaging with the officers attempting to form a new
police line.  See id.  Mr. Adams is shown yelling "let's go, let's go, let's go!" as he sprints up the
Capitol steps.  Id.  The video ends with Mr. Adams engaging with another set of officers at the
top of the stairs.  See id.  The Statement of Facts also describes Mr. Connell's social media
conversations after January 6, in which Mr. Connell informed another individual that he had
"breached the Capitol," that Mr. Adams had been "clubbed and shot with rubber bullet[s]," and
that they had "pushed the cops against the wall" and entered the Capitol building.  Id. at 9.

On January 16, 2021, Mr. Connell was arrested in Louisiana and Mr. Adams was
arrested in Texas.  See Executed Arrest Warrant as to Cody Page Carter Connell [Dkt. No. 22];

Executed Arrest Warrant as to Daniel Page Adams [Dkt. No. 19].  The grand jury returned an indictment against Mr. Connell and Mr. Adams on February 5, 2021, a superseding indictment on April 7, 2021, and a second superseding indictment on November 10, 2021.  The second superseding indictment charges both defendants with three felony offenses and five misdemeanor offenses:  Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  See Indictment at 1-4.

## II.  LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, a "court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f).  A bill of particulars is a formal written statement by the government that provides details of the charges in the indictment. See 1 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 130 (5th ed. 2023).  Requests for bills of particulars are "far from routine." Id.; see also United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  "[I]t is within the discretion of the trial court to determine whether a bill of particulars should be provided, and the court should grant a motion for a bill of particulars to the extent it believes it is necessary to allow the defendants to adequately prepare for and avoid surprise at trial." United States v.

Sutton, Crim. No. 21-0598, 2022 WL 1183797, at *2 (D.D.C. Apr. 21, 2022) (quoting United States v. Bazezew, 783 F. Supp. 2d 160, 167 (D.D.C. 2011)).

A bill of particulars may not be used by a defendant as a discovery tool or a device to preview the government's evidence or theory of the case. See United States v. Sanford Ltd., 841 F. Supp. 2d 309, 316 (D.D.C. 2012). A bill of particulars is instead "designed to limit and define the government's case." Id. (quoting United States v. Baker, Crim. No. 08-0075, 2010 WL 936537, at *2 (M.D. Pa. Mar. 15, 2010)). Defendants may request additional information through a bill of particulars "to ensure that the charges brought against [them] are stated with enough precision to allow [them] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); see United States v. Sutton, 2022 WL 1183797, at *2; United States v. Mejia, 448 F.3d 436, 445 (D.C. Cir. 2006).

In ruling on a motion for a bill of particulars, "[t]he [c]ourt must strike a prudent balance between the legitimate interests of the government and the defendant." United States v. Manafort, Crim. No. 17-0201, 2018 WL 10394893, at *1 (D.D.C. June 12, 2018) (internal quotation marks omitted). Specifically, the court accounts for "the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." United States v. Sanford Ltd., 841 F. Supp. 2d at 316 (internal quotation marks omitted). Courts weigh "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information that are available to the defense." WRIGHT, MILLER & LEIPOLD, supra, § 130.

## III. DISCUSSION

Mr. Connell and Mr. Adams move for a bill of particulars as to Count One and Count Three of the Indictment. <u>See</u> Mot. at 1. Count One charges Mr. Connell and Mr. Adams with civil disorder in violation of 18 U.S.C. § 231(a)(3). That statute provides:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function . . . [s]hall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 231(a)(3).

Count One of the Indictment, mirroring the language of the statute, charges in relevant part that Mr. Connell and Mr. Adams "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder . . . ." Indictment at 1-2.

Count Three charges Mr. Connell and Mr. Adams with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1). That statute provides:

> (a) Whoever—
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than

one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a)(1).

Count Three of the Indictment, mirroring the language of the statute, charges in relevant part that Mr. Connell and Mr. Adams "did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, an officer from the United States Capitol, while such person was engaged in and on account of the performance of official duties." Indictment at 2.

The Court concludes that the government must file a bill of particulars with respect to both counts. The Court first addresses Section 111(a)(1), charged in Count Three, and then Section 231(a)(3), charged in Count One.

## A. Count Three

Mr. Connell and Mr. Adams seek the identity of the law enforcement officer, or officers, referenced in Count Three, charging a violation of 18 U.S.C. § 111(a)(1). See Mot. at 1. They argue that Count Three "conspicuously lack[s] any indication of the identity of the law enforcement officer that [they] are alleged to have obstructed and assaulted." Id. at 2. In response, the government asserts that the name of the officer in question in Count Three is "not required in the indictment under either Rule 7 or Rule 12" of the Federal Rules of Criminal Procedure. Opp. at 14. The government points out that Rule 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," id. at 13 (quoting FED. R. CRIM. P. 7(c)(1)), and that Count Three sufficiently provides the time and location of the alleged acts, identifies the defendants accused

of the alleged acts, states how the defendants committed the alleged acts, and identifies "the victim as an officer with the 'United States Capitol Police.'" Opp. at 13 (quoting Indictment at 1-2). Citing United States v. Miller, 883 F.3d 998, 1003 (7th Cir. 2018), and United States v. Melendez-Colon, 417 F. App'x 320, 321-22 (4th Cir. 2011) (per curiam), the government argues that the failure to identify the specific victim does not make the Indictment insufficient. See id. at 14.

The Court concludes that Mr. Connell and Mr. Adams are entitled to know the identity of the officer – or officers – in question with respect to Count Three.[1] While the Court recognizes that Rule 7(c)(1) requires that an indictment need only be "a plain, concise, and definite written statement of the essential facts constituting the offense charged," FED. R. CRIM. P. 7(c)(1), a bill of particulars may still be necessary in some cases. See United States v. Bazezew, 783 F. Supp. 2d at 168 ("A bill of particulars properly includes clarification of the indictment if necessary."); see also United States v. Sutton, 2022 WL 1183797, at *2.

To reiterate, the purpose of a bill of particulars is to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to

---

[1]    The Court agrees with Mr. Connell and Mr. Adams regarding the outcome but disagrees with their legal theories. First, Count Three states that the victim of the defendants' alleged acts under Section 111(a)(1) was "an officer and employee of the United States, and of any branch of the United States government (including any member of the uniformed services), that is, an officer from the United States Capitol." Indictment at 2 (emphasis added). Mr. Connell and Mr. Adams argue that the language in Count Three "is vague enough to arguably include an officer from any department or agency who was working at the United States Capitol that day." Mot. at 2. The Court disagrees and assumes that Count Three contains a scrivener's error. Count Three appears to describe an officer from the United States Capitol Police.

Second, Mr. Connell and Mr. Adams argue that a bill of particulars is necessary because it will avoid the risk of a variance between information related to Count Three that the government presented to the grand jury and the proof that the government produces at trial. See Mot. at 2-3; United States v. Lorenzana-Cordon, 949 F.3d 1, 4 (D.C. Cir. 2020) ("A variance

understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d at 1193. Stating the charges with precision is important because "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element." Richardson v. United States, 526 U.S. 813, 817 (1999). To prevail at trial, the government must prove that Mr. Connell and Mr. Adams "forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with" the victim; that the defendants did such acts voluntarily and intentionally; that the victim was an "officer or employee of the United States or of any agency in any branch of the United States government"; and that the victim "was engaged in or on account of the performance of his official duties" when the defendants acted. United States v. GossJankowski, Crim. No. 21-0123, Final Jury Instructions (D.D.C. Mar. 17, 2023) ("GossJankowski Jury Instructions") [Dkt. No. 166] at 30 (listing the elements of the Section 111(a)(1) violation charged in that case).

      In a case proceeding to a trial before a jury, the government's failure to identify the victim in a Section 111(a)(1) charge creates "a genuine risk . . . of conviction resulting from different jurors concluding the defendant committed" the alleged acts against different officers.

---

occurs when . . . the evidence offered at trial proves facts materially different from those alleged in the indictment. . . . A variance is thought to be bad because it may deprive the defendant of notice of the details of the charge against him and protection against reprosecution." (citations and brackets omitted)). Mr. Connell and Mr. Adams contend that there is a risk that the grand jury "may have concluded there was sufficient information to indict as to interference with Officer X.X. but not Officer Y.Y., after which the government submits as proof at trial [defendants'] interference with Officer Y.Y." Mot. at 3. That argument is unpersuasive. As long as the government attempts to prove that "an officer from the United States Capitol [Police]," Indictment at 2, was the victim of the defendants' alleged acts, there is no risk of variance from what is alleged in the Indictment. For the same reasons, the Court also rejects this argument as it pertains to Count One. See id. at 1-2. The real question at issue with respect to both counts, which the Court addresses, is whether the Indictment's identification of the officer's department but not his or her name provides sufficient notice to permit the defendants to understand the charge, prepare a defense, and be protected against retrial on the same charges. See United States v. Butler, 822 F.2d at 1193.

United States v. Sayan, 968 F.2d 55, 65 (D.C. Cir. 1992). Here, if the case were to proceed to a

jury trial, the risk is that Mr. Connell and Mr. Adams could be convicted as the result of, for

example, six jurors concluding that the defendants forcibly assaulted, resisted, opposed,

impeded, intimidated, or interfered with Officer X.X., and six jurors concluding that the

defendants did so with respect to Officer Y.Y. But all twelve jurors must unanimously agree on

the particular individual who was forcibly assaulted, resisted, opposed, impeded, intimidated, or

interfered with. See Richardson v. United States, 526 U.S. at 817.

        If it is important for the jury to know the identity of the victim in reaching a

unanimous verdict under Section 111(a)(1), it is also essential for a defendant to know the

identity of the victim prior to trial, so that the defendant may understand the charge and properly

prepare a defense. Here, although Mr. Connell and Mr. Adams may be tried without a jury and

on stipulated facts, they are entitled to receive adequate notice of the identity of the officer who

is the alleged victim in Count Three in order for them to respond to the charge. On its own,

Count Three does not provide that notice. Furthermore, the burden of providing that notice is not

great, given that in a majority of January 6 cases charging violations of Section 111, the grand

jury has identified a specific officer, or officers in the indictment itself. See, e.g., United States

v. GossJankowski, Crim. No. 21-0123, Second Superseding Indictment (D.D.C. Feb. 1, 2023)

("GossJankowski Indictment") [Dkt. No. 127] at 2-3 (identifying "M.M., an officer from the

United States Capitol Police Department"); United States v. Warnagiris, Crim. No. 21-0382,

Second Superseding Indictment (D.D.C. Mar. 22, 2023) ("Warnagiris Indictment") [Dkt. No. 49]

at 2-3 (identifying "A.W., an officer from the United States Capitol Police"); United States v.

Southard-Rumsey, Crim. No. 21-0387, Second Superseding Indictment (D.D.C. Oct. 26, 2022)

[Dkt. No. 38] at 2 (identifying, among others, "Sergeant M.H., an officer from the Metropolitan

Police Department"); <u>United States v. Haya</u>, Crim. No. 21-0565, Superseding Indictment
(D.D.C. Jan. 26, 2022) [Dkt. No. 21] at 3 (identifying "R.D., an officer from the Metropolitan
Police Department"); <u>United States v. Young</u>, Crim No. 21-0617, Indictment (D.D.C.
Oct. 6, 2021) [Dkt. No. 14] at 1-2 (identifying "Officers J.R. and K.T., officers from the
Metropolitan Police Department").

        Moreover, in another January 6 case where an officer was not identified in the
count of an indictment charging a violation of Section 111(a)(1), Judge Mehta granted a motion
for a bill of particulars on the grounds that the operative indictment referred to "multiple officers
and multiple potentially assault behaviors," and it was "not clear which one or more of the[]
officers [defendant Joshua] James [was] accused of assaulting." <u>See</u> <u>United States v. Caldwell</u>,
Crim. No. 21-0028, Omnibus Order (D.D.C. Sept. 14, 2021) [Dkt. No. 415] at 8-9. Judge Mehta
concluded that the defendant "must be apprised of which actions he allegedly took against which
officer or officers constitute the assault the government has charged" in order to "mount a
defense and avoid double jeopardy at retrial." <u>Id</u>. As in <u>Caldwell</u>, Count Three in this case
charges that "CODY PAGE CARTER CONNELL and DANIEL PAGE ADAMS[] did forcibly
assault, resist, oppose, impede, intimidate, and interfere with . . . <u>an officer</u> from the United
States Capitol [Police]." Indictment at 2 (emphasis added). It is not clear from this language
whether both Mr. Connell and Mr. Adams are charged with engaging with the same officer, or
whether Mr. Connell is charged with engaging with one officer from the United States Capitol
Police and Mr. Adams is charged with engaging with a different officer. Indeed, based on the
factual background section of the government's brief, it appears that at times on January 6
Mr. Adams engaged with different officers than Mr. Connell did, as Mr. Adams is described as
having been "at the front of the pack, yelling and confronting the officers, and leading the others

around him." Opp. at 3. A bill of particulars identifying the officer – or officers – in question is therefore necessary to clarify the charge in Count Three.

### B. Count One

Mr. Connell and Mr. Adams raise the same arguments with respect to Count One, charging a violation of 18 U.S.C. § 231(a)(3), as they do with respect to Count Three. They argue that Count One fails to identify the law enforcement officer who was the victim of the defendants' alleged acts in that count. See Mot. at 2. The Court agrees with Mr. Connell and Mr. Adams that a bill of particulars with respect to Count One is also warranted.

The Court considered a similar issue in United States v. GossJankowski, another January 6 case before this Court. In that case, four days before the start of jury selection, defendant Vitali GossJankowski filed a motion for a bill of particulars or, in the alternative, for a special verdict form identifying the specific officer whom Mr. GossJankowski was alleged to have obstructed, impeded, or interfered with under 18 U.S.C. § 231(a)(3). See United States v. GossJankowski, Crim. No. 21-0123, Defendant's Motion for Bill of Particulars and/or Special Verdict Form as to Count One (D.D.C. Feb. 24, 2023) [Dkt. No. 135] at 1. During the final pretrial conference, Mr. GossJankowski clarified that "what this comes down to at this point is a request for a unanimity instruction." Transcript of Final Pretrial Conference, February 27, 2023 ("GossJankowski Tr."), United States v. GossJankowski, Crim. No. 21-0123 [Dkt. No. 170] at 128:2-4. The Court denied the motion for a bill of particulars, citing United States v. Sutton, 2022 WL 1183797, and reasoning that a bill of particulars is "not a discovery tool" and that several law enforcement officers had already been identified through discovery. GossJankowski Tr. at 136:18-137:12, 138:8-21. The Court held in abeyance Mr. GossJankowski's request for a special verdict form. See id. at 138:16-21. After additional

Case 1:21-cr-00084-PLF   Document 86   Filed 06/30/23   Page 12 of 16

filings by the parties, the Court decided to resolve the matter by giving a unanimity instruction with respect to the count charging a violation of Section 231(a)(3).  See GossJankowski Jury Instructions at 22.

The defendants in this case likely will proceed to a trial without a jury and on stipulated facts.  Their motion for a bill of particulars, therefore, is a true request to clarify the indictment, rather than a roundabout way of requesting a jury unanimity instruction, as in GossJankowski.  In some instances, a bill of particulars may not be warranted if a defendant's lack of information can be cured by discovery materials produced by the government.  See United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 152 (D.D.C. 2015) ("[T]o the degree that the defendants' request for a bill of particulars stemmed from deficiencies in the government's initial discovery productions, the government has recently cured these prior deficiencies in compliance with the Court's most recent discovery orders." (citations omitted)); WRIGHT, MILLER & LEIPOLD, supra, § 130 (noting that need for a bill of particulars depends in part on "the degree of discovery and other sources of information that are available to the defense").  Based on the parties' written submissions in this case, it is not clear to the Court how much discovery the government has produced to Mr. Connell and Mr. Adams.  Nor is it clear whether the materials produced sufficiently identified the law enforcement officer at issue in Count One.

As discussed, the purpose of a bill of particulars is to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  United States v. Butler, 822 F.2d at 1193.  In order for Mr. Connell and Mr. Adams to understand the charges against them and prepare a defense to Count One, they

need to be able to identify with precision the particular officer involved, either from the discovery materials provided or through a bill of particulars.

In many of the other January 6 cases where violations of Section 231(a)(3) have been charged, the grand jury has identified a specific officer, or officers, in the indictment itself. See, e.g., United States v. Jensen, Crim. No. 21-0006, Superseding Indictment (D.D.C. Nov. 10, 2021) [Dkt. No. 50] at 1-2 (identifying "Officer E.G., an officer from the United States Capitol Police"); United States v. Reffitt, Crim. No. 21-0032, Second Superseding Indictment (D.D.C. Sept. 15, 2021) [Dkt. No. 34] at 2 (identifying "A.D. and S.K., officers from the United States Capitol Police"). Even in indictments that do not name the officer in a Section 231(a)(3) count, there have been some other indicia of specificity in those counts. For example, in United States v. Caldwell, Count Seven of the indictment charged a group of defendants with violating Section 231(a)(3) by obstructing, impeding, and interfering with "officers guarding the hallway between the Capitol Rotunda and Senate Chamber." United States v. Caldwell, Crim. No. 21-0028, Eighth Superseding Indictment (D.D.C. June 22, 2022) [Dkt. No. 684] at 33. In United States v. Ballard, Count One of the indictment charged the defendant with violating Section 231(a)(3) by obstructing, impeding, and interfering with a law enforcement officer "at approximately 2:24 p.m." United States v. Ballard, Crim. No. 21-0553, Second Superseding Indictment (D.D.C. May 18, 2022) [Dkt. No. 34] at 2. And in United States v. Gieswein, Count Two of the indictment charged the defendant with violating Section 231(a)(3) by "pushing on a police barricade on a plaza to the west of the U.S. Capitol building and repeatedly spraying a substance at law enforcement officers at or near the top of a set of stairs on U.S. Capitol grounds." United States v. Gieswein, Crim. No. 21-0024, Second Superseding Indictment (D.D.C. Aug. 4, 2022) [Dkt. No. 129] at 2.

The same trend is present among the January 6 cases assigned to the undersigned – some indictments charging a violation of Section 231(a)(3) identify the law enforcement officer at issue, and some do not.  For example, in United States v. Warnagiris, the indictment describes the officer in the Section 231(a)(3) count as "Officer A.W., an officer from the United States Capitol Police."  Warnagiris Indictment at 1-2.  In United States v. Fitzgerald, the indictment – like the Indictment in this case – states only that the officer is "an officer from the United States Capitol Police."  United States v. Fitzgerald, Crim. No. 21-0326, Superseding Indictment (D.D.C. Dec. 1, 2021) [Dkt. No. 32] at 1-2.  And in United States v. GossJankowski, United States v. Sanford, and United States v. Hart, the indictments provide no details about the officer or about the alleged acts.  See GossJankowski Indictment at 1-2; United States v. Sanford, Crim. No. 21-0086, Superseding Indictment (D.D.C. Nov. 10, 2021) [Dkt. No. 32] at 1-2; United States v. Hart, Crim. No. 21-0540, Superseding Indictment (D.D.C. Jan. 26, 2022) [Dkt. No. 18] at 1-2.  As noted, in GossJankowski, the Court gave a unanimity instruction on the Section 231(a)(3) count at trial.  See GossJankowski Jury Instructions at 22.  In Sanford, the defendant pled guilty to a violation of Section 111(a)(1) and (b), and the Section 231(a)(3) count was dismissed.  See United States v. Sanford, Crim. No. 21-0086, Judgment (D.D.C. May 2, 2023) [Dkt. No. 58] at 1.  In Hart, the defendant pled guilty to the Section 231(a)(3) count.  See United States v. Hart, Crim. No. 21-0540, Plea Agreement (D.D.C. Apr. 26, 2023) [Dkt. No. 59] at 1.

The foregoing discussion suggests that while the government has not adopted a uniform approach in drafting indictments charging violations of Section 231(a)(3), it clearly is capable of providing some level of detail that would allow a defendant to identify the officer in question in a Section 231(a)(3) count.  And in at least some indictments, the government has

supplied the initials of the specific officer who was the alleged victim under this statute. In this case, Count One on its own does not provide the level of specificity sufficient to give Mr. Connell and Mr. Adams adequate notice to understand the charge and prepare a defense. This count discloses neither the identity of the officer at issue nor the location of the officer at the time of the defendants' alleged acts, the time of the alleged acts, or any other details. The burden of providing some detail is not great, given the level of specificity in other January 6 indictments charging violations of Section 231(a)(3). Moreover, Count One suffers from the same lack of clarity as Count Three – the indictment does not clearly state whether both Mr. Connell and Mr. Adams are charged with obstructing, impeding, and interfering with the same officer, or whether Mr. Connell is charged with engaging with one officer from the United States Capitol Police and Mr. Adams is charged with engaging with a different officer. See Indictment at 1-2 ("CODY PAGE CARTER CONNELL and DANIEL PAGE ADAMS committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, an officer from the United States Capitol Police." (emphasis added)). Thus, a bill of particulars identifying the officer – or officers – in question is necessary to provide Mr. Connell and Mr. Adams with adequate notice and to clarify the charge in Count One.

For the foregoing reasons, it is hereby

ORDERED that Mr. Connell's and Mr. Adams' Motion for Bill of Particulars as to Counts One and Three [Dkt. No. 78] is GRANTED; and it is

FURTHER ORDERED that on or before July 7, 2023, the government shall file a bill of particulars identifying the officer – or officers – in question under both Count One and Count Three.  If necessary, the government may redact the officers' names from the bill of particulars and seek leave to file an unredacted version under seal.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 6|30|23

16