UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
UNITED STATES OF AMERICA              )
                                      )
        v.                            )        Criminal No. 21-0084 (PLF)
                                      )
CODY PAGE CARTER CONNELL and          )
DANIEL PAGE ADAMS,                    )
                                      )
        Defendants.                   )
_____)

OPINION AND ORDER

        Defendants Cody Page Carter Connell and Daniel Page Adams are charged in an

eight-count indictment based on conduct related to the events at the United States Capitol on

January 6, 2021.  See Second Superseding Indictment ("Indictment") [Dkt. No. 50].  Mr. Connell

and Mr. Adams have waived their right to a jury trial, and a trial on stipulated facts is scheduled

for July 19, 2023.  The defendants jointly filed a Motion to Dismiss Count Two:  Obstruction of

an Official Proceeding ("Mot.") [Dkt. No. 77].  They move to dismiss the Indictment pursuant to

Rule 12(b) of the Federal Rules of Criminal Procedure for failure to state an offense, as well as

on constitutional grounds.  The government filed a response opposing the motion.  See

Government's Omnibus Opposition to Defendants' Motions to Dismiss and for Bill of

Particulars ("Opp.") [Dkt. No. 81].  Mr. Connell and Mr. Adams did not file any reply briefs in

support of their motion.

        The legal challenges that Mr. Connell and Mr. Adams raise in their motion have

been considered and rejected by this Court in United States v. Puma, 596 F. Supp. 3d 90

(D.D.C. 2022), and United States v. GossJankowski, Crim. No. 21-0123, 2023 WL 130817

(D.D.C. Jan. 9, 2023), as well as by many other judges of this court.  See United States v. GossJankowski, 2023 WL 130817 at *1 (collecting cases).  Most recently, the D.C. Circuit, in United States v. Fischer, rejected challenges similar to the ones that Mr. Connell and Mr. Adams raise against Count Two of the Indictment, which charges them with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.  See United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023).  For the following reasons, the Court concludes that the Indictment adequately states the offense with which the defendants are charged in Count Two and provides them with sufficient notice.  The Court therefore will deny Mr. Connell's and Mr. Adams' joint motion.

## I.   BACKGROUND

The events of January 6, 2021 are summarized in the Court's opinion in United States v. Puma.  See United States v. Puma, 596 F. Supp. 3d at 93-94.  The United States alleges that Mr. Connell and Mr. Adams were members of the crowd that entered the Capitol building and grounds on January 6, 2021 and engaged in certain activities while there.  See Indictment. The Statement of Facts accompanying the criminal complaint describes video footage depicting Mr. Connell and Mr. Adams on the Capitol grounds.  See Statement of Facts [Dkt. No. 1-1] at 7. One video, labeled with the caption "They tear gassing us," shows Mr. Connell and Mr. Adams appearing to cover their faces from tear gas while standing under scaffolding connected to the Capitol building.  Id.  Another video shows Mr. Adams at the front of the crowd on the Capitol grounds, pushing toward a line of U.S. Capitol Police officers.  See id. at 8.  The video shows Mr. Adams – along with others – breaking the police line, chasing the officers up some stairs, and physically engaging with the officers attempting to form a new police line.  See id. Mr. Adams is shown yelling "let's go, let's go, let's go!" as he sprints up the Capitol steps.  Id.

The video ends with Mr. Adams engaging with another set of officers at the top of the stairs.  See id.  The Statement of Facts also describes Mr. Connell's social media conversations after January 6, in which Mr. Connell informed another individual that he had "breached the Capitol," that Mr. Adams had been "clubbed and shot with rubber bullet[s]," and that they had "pushed the cops against the wall" and entered the Capitol building.  Id. at 9.

On January 16, 2021, Mr. Connell was arrested in Louisiana and Mr. Adams was arrested in Texas.  See Executed Arrest Warrant as to Cody Page Carter Connell [Dkt. No. 22]; Executed Arrest Warrant as to Daniel Page Adams [Dkt. No. 19].  The grand jury returned an indictment against Mr. Connell and Mr. Adams on February 5, 2021, a superseding indictment on April 7, 2021, and a second superseding indictment on November 10, 2021.  The second superseding indictment charges both defendants with two felony offenses and six misdemeanor offenses:  Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  See Indictment at 1-4.

## II.  LEGAL STANDARD

A defendant in a criminal case may move to dismiss an indictment or count before trial for "failure to state an offense."  FED. R. CRIM. P. 12(b)(3)(B)(v); see United States v. Fischer, 64 F.4th at 334.  An indictment may fail to state an offense if the statutory provision at issue does not apply to the charged conduct or if the statutory provision at issue is unconstitutional.  See, e.g., United States v. Eshetu, 863 F.3d 946, 952 (D.C. Cir. 2017) ("The defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional." (citation omitted)), vacated on other grounds, 898 F.3d 36 (D.C. Cir. 2018).  In determining if an offense has been properly charged, the operative question is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed."  United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011) (citing United States v. Sampson, 371 U.S. 75, 76 (1962)).  In considering a motion to dismiss, a court must accept the allegations in the indictment as true.  United States v. Ballestas, 795 F.3d 138, 149 (D.C. Cir. 2015).

"An 'indictment's main purpose is to inform the defendant of the nature of the accusation against him.'"  United States v. Ballestas, 795 F.3d at 148-49 (quoting United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001)).  "It therefore need only contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'"  Id. at 149 (quoting FED. R. CRIM. P. 7(c)(1)).  An indictment "is sufficiently specific where it (1) contains the elements of the offense charged and fairly informs the defendant of those charges so that he may defend against them, and (2) enables him 'to plead acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Safavian, 429 F. Supp. 2d 156, 158

(D.D.C. 2006) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117-18 (1974)); <u>see</u> <u>also</u> <u>United States v. Fischer</u>, 64 F.4th at 334.

    "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the <u>face</u> of the indictment and, more specifically, the <u>language used</u> to charge the crimes." <u>United States v. Sunia</u>, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). "Because a court's use of its supervisory power to dismiss an indictment . . . directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances." <u>United States v. Fischer</u>, 64 F.4th at 334-35 (internal quotation marks omitted) (quoting <u>United States v. Ballestas</u>, 795 F.3d at 148).

III. DISCUSSION

    Mr. Connell and Mr. Adams move to dismiss Count Two of the Indictment, which charges them with obstruction of an official proceeding and aiding and abetting such an obstruction pursuant to 18 U.S.C. §§ 1512(c)(2) and 2. <u>See</u> Indictment at 2. The obstruction statute provides in relevant part:

  (c) Whoever corruptly—

    (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

  shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).

    Mr. Connell and Mr. Adams advance several arguments in support of their motion. First, they argue that Section 1512(c)(2) prohibits only obstruction of an official

5

proceeding through actions with respect to "a document, record, or other object" and that no such allegation exists in the Indictment.  Mot. at 8-9 (quoting United States v. Miller, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)).  Second, they assert that the certification of the Electoral College vote was not an "official proceeding" within the meaning of Section 1512 because an "official proceeding" refers to "tribunal-like proceedings," which the certification was not.  Id. at 9-10.  Third, they contend that Section 1512(c)(2) is unconstitutionally vague as applied to them because the term "corruptly" is vague.  See id. at 14.  Finally, Mr. Connell and Mr. Adams argue that Count Two should be dismissed under the rule of lenity.  See id. at 21.

On April 7, 2023, the D.C. Circuit issued a decision in United States v. Fischer resolving similar arguments with respect to Section 1512(c)(2).  See United States v. Fischer, 64 F.4th 329.  The Court rejects Mr. Connell's and Mr. Adams' challenges for reasons previously explained in Puma and in light of the D.C. Circuit's Fischer opinion.  See United States v. Puma, 596 F. Supp. 3d at 96-108.

A.  *Section 1512(c)(2) Does Not Prohibit Only Obstructive Acts with Respect to Documents, Records, or Other Objects*

First, Mr. Connell and Mr. Adams argue that Count Two fails to state an offense because Section 1512(c)(2) prohibits only obstructive acts with respect to a document, record, or other object, and no such allegation exists in the Indictment in this case.  See Mot. at 8-9.  Citing Judge Nichols' opinion in United States v. Miller as support, the defendants argue that the term "otherwise" in Section 1512(c)(2) must be construed in light of the language of subsection (c)(1), which prohibits conduct with respect to documents, records, or other objects.  See id. at 3-4.

The D.C. Circuit, however, rejected this interpretation of the statute in Fischer, a case consolidated with Miller.  See United States v. Fischer, 64 F.4th at 335-39.  In Fischer,

Judge Pan's lead opinion concluded that Section 1512(c)(2) encompasses all forms of obstructive conduct and is not limited to obstructive conduct with respect to "a document, record, or other object" or to "general evidence impairment."  Id. at 335 (internal quotation marks omitted); see id. at 336-37, 339 (concluding that subsection (c)(2) is a "catch-all" that covers other, different obstructive conduct, matters not specifically enumerated).  Judge Walker concurred with this portion of the lead opinion.  See id. at 351 (Walker, J., concurring in part and dissenting in part).  After analyzing the text and structure of Section 1512, Judge Pan concluded that "the broad interpretation of the statute – encompassing all forms of obstructive acts – is unambiguous and natural" and is supported by the statutory history and context.  Id. at 337; see id. at 343-50.  Judge Pan continued:

> Subsection (c)(1) contains a specific prohibition against "corruptly" tampering with "a record, document, or other object" to impair or prevent its use in an official proceeding, while subsection (c)(2) proscribes "corrupt[ ]" conduct that "otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so . . . ."  Under the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1).

Id. at 336; see also United States v. Puma, 596 F. Supp. 3d at 107 ("The word 'otherwise' in the second subsection clarifies that a defendant can violate Section 1512(c)(2) through 'obstruction by means other than document destruction.'" (quoting United States v. Mostofsky, 579 F. Supp. 3d 9, 25 (D.D.C. 2021))).

       In light of the D.C. Circuit's conclusion that Section 1512(c)(2) "applies to all forms of corrupt obstruction of an official proceeding" other than conduct covered under Section 1512(c)(1), United States v. Fischer, 64 F.4th at 336, the Court rejects Mr. Connell's and Mr. Adams' arguments to the contrary.

### B. *The Certification of the Electoral College Vote Is an Official Proceeding*

Second, Mr. Connell and Mr. Adams argue that Count Two fails to state an offense because the Electoral College vote certification was not an "official proceeding" within the meaning of Section 1512(c)(2) but rather a "ceremonial and administrative event." Mot. at 11. They argue that the text of Section 1512(c)(2) and Section 1515(a)(1), which defines "official proceeding," support their view that the term refers to "tribunal-like proceedings relating to adjudication, deliberation, and the administration of justice." Id. at 9-10. In Fischer, however, Judge Pan rejected a similar argument that an "official proceeding" must involve "investigations and evidence." United States v. Fischer, 64 F.4th at 342-43. Judge Pan observed that there is "no such limit in the ordinary meaning of the word 'proceeding.'" Id. Likewise, contrary to Mr. Connell's and Mr. Adams' assertion, there is no requirement that an "official proceeding" must be a "tribunal-like proceeding[] relating to adjudication, deliberation, and the administration of justice." Mot. at 9-10. As Judge Pan concluded, the certification of the Electoral College vote was an "official proceeding." See United States v. Fischer, 64 F.4th at 342. Judge Walker concurred. See id. at 351 (Walker, J., concurring in part and dissenting in part).

Furthermore, the cases from other circuits that Mr. Connell and Mr. Adams cite in support of their argument – United States v. Ermoian, 752 F.3d 1165 (9th Cir. 2013), and United States v. Ramos, 537 F.3d 439 (5th Cir. 2008) – do not lend any other meaning to the term "official proceeding" in this case. Section 1515(a) defines "official proceeding" as it is used in various of the preceding obstruction provisions of Title 18. Under Section 1515(a)(1), "official proceeding" may mean, inter alia, "a proceeding before the Congress" or "a proceeding before a Federal Government agency which is authorized by law." See 18 U.S.C. § 1515(a)(1)(B)-(C).

Both <u>Ermoian</u> and <u>Ramos</u> analyze the meaning of "official proceeding" in relation to "a proceeding before a Federal Government agency which is authorized by law," not "a proceeding before the Congress" – <u>Ermoian</u> involved an FBI investigation and <u>Ramos</u> involved a U.S. Border Patrol internal investigation of alleged employee misconduct.  <u>See United States v. Ermoian</u>, 752 F.3d at 1168; <u>United States v. Ramos</u>, 537 F.3d at 461.  Neither case analyzed the meaning of "a proceeding before the <u>Congress</u>" and the kinds of congressional proceedings that would constitute an "official proceeding."  18 U.S.C. § 1515(a)(1)(B) (emphasis added).  Judge Pan rejected <u>Ermoian</u>'s "narrower, alternative" definition of "proceeding" as "inapt when interpreting the meaning of a 'proceeding <u>before the Congress</u>.'"  <u>United States v. Fischer</u>, 64 F.4th at 343 (quoting 18 U.S.C. § 1515(a)(1)(B)).  Similarly, the Court rejects Mr. Connell's and Mr. Adams' definition of the term "official proceeding" in Section 1512(c)(2).

### C.  The Term "Corruptly" Is Not Unconstitutionally Vague

Third, Mr. Connell and Mr. Adams argue that Section 1512(c)(2) is unconstitutionally vague as applied to them because the term "corruptly" is vague and fails to provide notice of what the statute prohibits.  <u>See</u> Mot. at 14.  They argue, in the alternative, that "the only construction of 'corruptly' that might enable the statute to pass constitutional muster is acting with the intent to obtain an unlawful advantage for oneself or an associate contrary to the due administration of justice" and that Count Two fails to state an offense "relating to the administration of justice."  <u>Id</u>.

"A law is impermissibly vague in violation of the Fifth Amendment's Due Process Clause if 'it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'"  <u>United States v. Montgomery</u>, 578 F. Supp. 3d 54, 80 (D.D.C. 2021) (quoting <u>Johnson v. United States</u>, 576 U.S. 591, 595 (2015)).

"[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal."  United States v. Lanier, 520 U.S. 259, 267 (1997).  "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is."  United States v. Williams, 553 U.S. 285, 306 (2008).  Thus "the vagueness doctrine does 'not doubt the constitutionality of laws that call for the application of a qualitative standard . . . to real-world conduct; the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree.'" United States v. Bronstein, 849 F.3d 1101, 1108 (D.C. Cir. 2017) (alterations in original) (internal quotation marks omitted) (quoting Johnson v. United States, 576 U.S. at 603-04).

In Fischer, Judge Pan and Judge Walker disagreed about whether to adopt a single meaning of the word "corruptly" in Section 1512(c) and about which of their respective opinions is controlling.  Compare United States v. Fischer, 64 F.4th at 339-42 & 341 n.5 (Pan, J.), with id. at 351-52 (Walker, J.).[1]  Judge Pan surveyed three possible definitions of the term "corruptly" and concluded that under all three definitions, "an obstructive action [that] is independently unlawful" is sufficient to establish "corrupt" intent.  Id. at 340.  Observing that each defendant in Fischer and related consolidated cases was also charged with assaulting law enforcement officers on January 6, Judge Pan concluded that "such behavior clearly meets the test of independently unlawful conduct."  Id.  She declined to offer an exact definition of what the term "corruptly" means.  See id.  In contrast, Judge Walker endorsed one of the three definitions that Judge Pan surveyed, and he concluded that under this definition, the term "corruptly" "requires a defendant

_____

[1]        Another January 6 case concerning the meaning of the word "corruptly" in Section 1512(c) is currently on appeal.  That case was argued before a three-judge panel on May 11, 2023.  See United States v. Robertson, No. 22-3062 (D.C. Cir. May 11, 2023).

to act 'with an intent to procure an unlawful benefit either for himself or for some other person.'"
Id. at 352 (Walker, J., concurring in part and dissenting in part) (quoting Marinello v. United
States, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting)).  Judge Walker agreed, however,
that the alleged conduct of the Fischer defendants satisfied this definition and that their
indictments therefore should be upheld.  See id. at 361.

Regardless of which opinion is controlling, there is agreement that a defendant
acts "corruptly" when he uses "independently unlawful conduct" with the intent to procure a
benefit for himself or for another person.  United States v. Fischer, 64 F.4th at 340.  Judge Pan
concluded that

> [e]ach appellee . . . is charged with assaulting law enforcement
> officers while participating in the Capitol riot, and such behavior
> clearly meets the test of independently unlawful conduct.
> Furthermore . . . Appellees' alleged intentions of helping their
> preferred candidate overturn the election results would suffice to
> establish a "hope or expectation of either . . . benefit to oneself or a
> benefit of another person."

Id. (quoting United States v. Aguilar, 515 U.S. 593, 616-17 (1995)).  Judge Walker agreed that
"it might be enough for the Government to prove that a defendant used illegal means (like
assaulting police officers) with the intent to procure a benefit (like the presidency) for another
person (Donald Trump)."  Id. at 361.

Like the defendants in Fischer, Mr. Connell and Mr. Adams are charged with
"forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimat[ing], and interfere[ing] with"
law enforcement officers on January 6 under 18 U.S.C. § 111(a)(1).  Indictment at 2; see United
States v. Fischer, 64 F.4th at 333.  As discussed, a two-judge majority of the D.C. Circuit panel
concluded that this kind of conduct is within the meaning of the word "corruptly" under
Section 1512(c)(2), and the D.C. Circuit upheld indictments charging such conduct.  See United

States v. Fischer, 64 F.4th at 340, 361.  Accordingly, the Court concludes that the term

"corruptly" provides notice to Mr. Connell and Mr. Adams of what Section 1512(c)(2) prohibits

and that the statute is not unconstitutionally vague as applied to them.

          The Court also rejects Mr. Connell's and Mr. Adams' alternative argument that

"corruptly" only "pass[es] constitutional muster" when defined as acting with the intent to obtain

an unlawful advantage for oneself or another "contrary to the due administration of justice" and

that Count Two therefore fails to state an offense because it does not relate to "the administration

of justice."  Mot. at 14.  In Fischer, neither Judge Pan nor Judge Walker endorsed a definition of

"corruptly" that included "the administration of justice."  See United States v. Fischer, 64 F.4th

at 340, 352.  Mr. Connell and Mr. Adams supply no support for their argument that this Court

should adopt this definition.  In fact, other judges of this court have expressly rejected a

definition of "corruptly" that involves "the administration of justice."  See, e.g., United States v.

Fitzsimons, 605 F. Supp. 3d 132, 141 (D.D.C. 2022) ("It would make little textual sense to

interpret 'corruptly' to limit § 1512(c)'s scope to tribunal-like proceedings involving the

administration of justice when . . . Congress's definition of 'official proceeding' expressly

extends the provision's coverage to proceedings that do not share these features, namely

proceedings before Congress."); United States v. Reffitt, 602 F. Supp. 3d 85, 96 (D.D.C. 2022)

(rejecting identical argument).  "Because Congress's constitutionally assigned duties do not

include the 'administration of justice,' it makes little sense to read into the word 'corruptly' a

requirement that obstruction of a congressional proceeding involve a purpose wrongfully to

impede the administration of justice."  United States v. Montgomery, 578 F. Supp. 3d at 84.

Count Two adequately states an offense against Mr. Connell and Mr. Adams.

### D.  The Rule of Lenity Does Not Apply

Finally, Mr. Connell and Mr. Adams argue that the Court should dismiss Count Two because any "ambiguity concerning the ambit of [Section 1512(c)(2)] should be resolved in favor of lenity."  Mot. at 21 (quoting Yates v. United States, 574 U.S. 528, 547-48 (2015)).  The Court disagrees.  Because the language of Section 1512(c)(2) is clear and unambiguous, the rule of lenity is inapplicable here.  See United States v. Fischer, 64 F.4th at 350 ("The rule [of lenity] thus 'applies only when a criminal statute contains a grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived, the Court can make no more than a guess as to what Congress intended.'" (internal quotation marks omitted) (quoting Ocasio v. United States, 578 U.S. 282, 295 n.8 (2016))).

For the foregoing reasons, it is hereby

ORDERED that Mr. Connell's and Mr. Adams' joint Motion to Dismiss Count Two:  Obstruction of an Official Proceeding [Dkt. No. 77] is DENIED.

SO ORDERED.


_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 3, 2023

13